IN RE CHARLES A. ET AL.*
(AC 18570)

Schaller, Spear and Dupont, Js.

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Argued May 26—officially released October 12, 1999

*Gregory A. Klimaszewski,* for the appellant (respondent mother).

*Nina F. Elgo,* assistant attorney general, with whom were *Benjamin Zivyon,* assistant attorney general, and, on the brief, *Richard Blumenthal,* attorney general, and *Susan T. Pearlman,* assistant attorney general, for the appellee (petitioner).

*Howard J. Haims,* for the minor children.

*Opinion*

SPEAR, J. The respondent mother[1] appeals from the judgments of the trial court that terminated her parental rights with respect to her four minor children. She claims that the trial court's conclusion that the department of children and families (department) had made reasonable efforts to reunite her with her children was clearly erroneous given its underlying findings of fact. We affirm the judgments of the trial court.

---

[1] The parental rights of the children's fathers also were terminated. Only the respondent mother has appealed, and we refer to her in this opinion as the respondent.

Most of the facts are not in dispute because the respondent admits all of the allegations of the termination petitions brought pursuant to General Statutes § 17a-112. All of the children had been the victims of physical injuries that were inflicted on them by the respondent parents. The trial court found that the respondent had failed to achieve sufficient personal rehabilitation even though the department had made reasonable efforts at reunification. At the conclusion of the evidence, the court issued a memorandum of decision, dated March 9, 1998, encompassing its findings with respect to the allegations of the termination petitions. The court postponed the matter of the disposition as to the respondent pending an examination by David Mantell, a psychologist, and a further hearing. After the examination was held, the court conducted another hearing and issued a second memorandum of decision, dated April 27, 1998, terminating the respondent's parental rights.

The respondent's sole claim is that the trial court's findings in the first memorandum of decision conflict with its ultimate conclusion as to reasonable efforts by the department to reunite the respondent with her children. The respondent claims that reversal is required here because the court's conclusion that the department made reasonable efforts to reunify the family simply cannot be reconciled with the following subordinate findings that the court made in its first memorandum of decision: "(1) [The department] has, in large measure, met its mission to remove and protect these children from further abuse and neglect but it has failed in some measure to protect the children's mother. It should be noted, [the respondent] never directly asked for help, indeed she consistently lied to [the department] about her status. The court concludes, however, that a reasonably competent social worker familiar with the battered women's syndrome, so-called,

and familiar with [department] policy in such matters, should have analyzed and evaluated the situation and concluded that [the respondent] was a battered spouse. (2) [The department] treated the [respondent] . . . as an abuser and not as the victim of abuse, as were the children. She was just as much in need of protection by [the department] as were the children. (3) [The department] treated her as a married woman and not the same way it would have treated her if the abuser was an unrelated male. (4) [The department] recognized very early in this case that [the father of three of the children] was an abusive, violent, controlling, and manipulative man, yet continued to communicate with him and not to communicate directly with [the respondent] under protected circumstances. (5) [The department] failed to indicate to [the respondent] clearly and unequivocally, that they viewed [the father] as a violent, abusive man and that her continued relationship with him placed her children in jeopardy and her reunification with her children in jeopardy. (6) [The department] violated its own guidelines for domestic violence with regard to [the respondent]. (7) [The department] failed on at least three occasions to pick up clear signals that she was abused and a victim in need of protection. (8) The court itself, bears some responsibility in failing to recognize that [the respondent] was under the control and influence of an abusive spouse, in that the court failed to appoint separate counsel for this woman at an early stage of the proceedings." In view of the additional hearing and findings in the second memorandum of decision, we disagree that the earlier findings mandate reversal.

"On appeal, our function is to determine whether the trial court's conclusion was legally correct and factually supported. . . . We do not examine the record to determine whether the trier of fact could have reached a conclusion other than the one reached . . . nor do we retry the case or pass upon the credibility of the wit-

nesses. . . . Rather, on review by this court every reasonable presumption is made in favor of the trial court's ruling." (Internal quotation marks omitted.) *In re Marvin M.*, 48 Conn. App. 565, 577–78, 711 A.2d 756, cert. denied, 245 Conn. 916, 719 A.2d 900 (1998).

Because the trial court took further evidence between the dates of issuance of the two memoranda, we must examine the trial court's decision in its entirety. The respondent overlooks the trial court's second memorandum of decision dated April 27, 1998. In that memorandum, the court found that "[the respondent] has failed to demonstrate over a period of years that she can protect her children, provide for their regular medical care, feed them and keep them safe." The court also found, pursuant to General Statutes (Rev. to 1997) § 17a-112 (c), now (d), that the department did comply with the Adoption and Safe Families Act of 1997, 42 U.S.C. § 620, in making reasonable efforts to reunite the family. The court specifically found that "[c]ounseling services, individually and group, were offered, homemaker services were offered but declined, visitation was offered and foster care was provided by [the department]." The court also found "that the parents actively sought to deceive the service providers by failing to disclose the dysfunction, abuse and violence within the household. The [respondent's] claim of rehabilitation is not clinically supported and, to the extent she has made some personal rehabilitation, it is fragile and not sufficient to overcome the risk of harm to the children."

The most important finding in the second memorandum of decision with respect to the respondent's claim is as follows: "The court is aware that [the department] has made mistakes in this case in failing to treat [the respondent] as a victim of domestic violence. . . . These mistakes, however, do not defeat the proposition that reasonable efforts at reunification were made. In the first instance, counseling services were provided.

Other, in home services were offered, but refused. The children were actually reunited with their parents, seemingly a requirement by the court in *In re Eden F.*, 48 Conn. App. 290, 710 A.2d 771 (1998) [rev'd, 250 Conn. 674, 741 A.2d 873 (1999)], although that is not a requirement under federal law." (Citation omitted.)

After reviewing the trial court's decision in its entirety, we are not persuaded that its conclusion that the department made reasonable efforts to reunite the respondent with her children is in such conflict with its findings of department shortcomings as to be clearly erroneous. The trial court's ultimate conclusion, that it was in the best interests of the children to terminate the parental rights of the respondent, is unchallenged.

The judgments are affirmed.

In this opinion the other judges concurred.